# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEDICATED NURSING ASSOCIATES, INC., | Civil Action No. |
| Plaintiff, | |
| v. | DEFENDANTS, BUCKEYE FOREST AT AKRON LLC D/B/A HIGHLAND SQUARE REHABILITATION AND NURSING CENTER; BUCKEYE FOREST AT BELLEFONTAINE LLC D/B/A AYDEN HEALTHCARE OF BELLE SPRINGS; BUCKEYE FOREST AT CLEVELAND LLC D/B/A GARDENS OF EUCLID BEACH; BUCKEYE FOREST AT GREENVILLE LLC D/B/A AYDEN HEALTHCARE OF GREENVILLE; BUCKEYE FOREST AT MADEIRA LLC D/B/A AYDEN HEALTHCARE OF MADEIRA; BUCKEYE FOREST AT MAYFIELD HEIGHTS LLC D/B/A GARDENS OF MAYFIELD HEIGHTS; BUCKEYE FOREST AT NORTH OLMSTED LLC D/B/A GARDENS OF NORTH OLMSTED; BUCKEYE FOREST AT WATERVILLE LLC D/B/A AYDEN HEALTHCARE OF WATERVILLE; BUCKEYE FOREST AT FAIRFIELD LLC D/B/A AYDEN HEALTHCARE OF FAIRFIELD; SAMUEL FEUER; LARRY KATZ; EPHRAM LAHASKY; ELI LESHKOWITZ; SOLOMON KAZARNOVSKY; ABBA STEIN; MORDECHAI WEISZ; AND MED HEALTHCARE PARTNERS, NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 |
| AKRON HEALTHCARE LLC D/B/A AKRON HEALTHCARE; BELLEFONTAINE HEALTHCARE LLC D/B/A BELLEFONTAINE HEALTHCARE; EUCLID BEACH HEALTHCARE LLC D/B/A EUCLID BEACH HEALTHCARE; GREENVILLE HEALTHCARE LLC D/B/A GREENVILLE HEALTHCARE; NORTH OLMSTED HEALTHCARE LLC D/B/A NORTH OLMSTED HEALTHCARE; MADEIRA HEALTHCARE LLC D/B/A MADEIRA HEALTHCARE; MAYFIELD HEIGHTS HEALTHCARE LLC D/B/A MAYFIELD HEIGHTS HEALTHCARE; WATERVILLE HEALTHCARE LLC D/B/A WATERVILLE HEALTHCARE; WOODBRIDGE HEALTHCARE LLC D/B/A WOODBRIDGE HEALTHCARE; BOULDER OPERATIONS HOLDINGS LLC; HILLSTONE HEALTHCARE, INC.; SMZ MGMT HOLDINGS LLC D/B/A REACH LTC; SIRO MGMT BIG RIVER LLC D/B/A REACH LTC; SIRO MGMT ROYAL OAK LLC D/B/A REACH LTC; SIRO MGMT OAKWOOD LLC D/B/A REACH LTC; REACH AW MANAGEMENT LLC D/B/A REACH LTC; BUCKEYE FOREST AT AKRON LLC D/B/A HIGHLAND SQUARE REHABILITATION AND NURSING CENTER; BUCKEYE FOREST AT BELLEFONTAINE LLC D/B/A AYDEN HEALTHCARE OF BELLE SPRINGS; BUCKEYE FOREST AT CLEVELAND LLC D/B/A GARDENS OF EUCLID | |

BEACH; BUCKEYE FOREST AT GREENVILLE LLC D/B/A AYDEN HEALTHCARE OF GREENVILLE; BUCKEYE FOREST AT MADEIRA LLC D/B/A AYDEN HEALTHCARE OF MADEIRA; BUCKEYE FOREST AT MAYFIELD HEIGHTS LLC D/B/A GARDENS OF MAYFIELD HEIGHTS; BUCKEYE FOREST AT NORTH OLMSTED LLC D/B/A GARDENS OF NORTH OLMSTED; BUCKEYE FOREST AT WATERVILLE LLC D/B/A AYDEN HEALTHCARE OF WATERVILLE; BUCKEYE FOREST AT FAIRFIELD LLC D/B/A AYDEN HEALTHCARE OF FAIRFIELD; SAMUEL FEUER; LARRY KATZ; EPHRAM LAHASKY; ELI LESHKOWITZ; SOLOMON KAZARNOVSKY; ABBA STEIN; MORDECHAI WEISZ; AND MED HEALTHCARE PARTNERS

        Defendants.

## NOTICE OF REMOVAL

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Defendants, Buckeye Forest at Akron LLC d/b/a Highland Square Rehabilitation and Nursing Center; Buckeye Forest at Bellefontaine LLC d/b/a Ayden Healthcare of Belle Springs; Buckeye Forest at Cleveland LLC d/b/a Gardens of Euclid Beach; Buckeye Forest at Greenville LLC d/b/a Ayden Healthcare of Greenville; Buckeye Forest at Madeira LLC d/b/a Ayden Healthcare of Madeira; Buckeye Forest at Mayfield Heights LLC d/b/a Gardens of Mayfield Heights; Buckeye Forest at North Olmsted LLC d/b/a Gardens of North Olmsted; Buckeye Forest at Waterville LLC d/b/a Ayden Healthcare of Waterville; Buckeye Forest at Fairfield LLC d/b/a Ayden Healthcare of Fairfield; Samuel Feuer; Larry Katz; Ephram Lahasky; Eli Leshkowitz;

2

Solomon Kazarnovsky; Abba Stein; Mordechai Weisz; and Med Healthcare Partners, (hereinafter, collectively, the "Newly Named Defendants"), hereby remove this action from the Court of Common Pleas of Westmoreland County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania based on diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441, and 1446(c). In support of this removal, the Newly Named Defendants provide the following short and plain statement:

## BACKGROUND

1. Plaintiff filed its initial Complaint in the Court of Common Pleas for Westmoreland County, Commonwealth of Pennsylvania on November 1, 2019.

2. The Complaint alleged that Akron Healthcare LLC d/b/a Akron Healthcare; Bellefontaine Healthcare LLC d/b/a Bellefontaine Healthcare; Euclid Beach Healthcare LLC d/b/a Euclid Beach Healthcare; Greenville Healthcare LLC d/b/a Greenville Healthcare; North Olmsted Healthcare LLC d/b/a North Olmstead Healthcare; Madeira Healthcare LLC d/b/a Madeira Healthcare;  Mayfield Heights Healthcare LLC d/b/a Mayfield Heights Healthcare; Waterville Healthcare LLC d/b/a Waterville Healthcare; Woodbridge Healthcare LLC d/b/a Woodbridge Healthcare; Boulder Operations Holdings LLC;  Hillstone Healthcare, Inc.; SMZ MGMT holdings LLC d/b/a Reach LTC;  SIRO MGMT Big River LLC d/b/a Reach LTC; SIRO MGMT Royal Oak LLC d/b/a Reach LTC; SIRO MGMT Oakwood LLC d/b/a Reach LTC; and Reach AW Management LLC d/b/a Reach LTC, (hereinafter, "Original Defendants") breached certain contracts with Plaintiffs.

3. On July 29, 2022, the majority of the Original Defendants filed Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Delaware, jointly administered at Docket No. 22-10664. *See* Suggestion of Bankruptcy, a true and correct copy of

3

which is attached hereto at **Exhibit A**; Order Granting Motion for Joint Administration a true and correct copy of which is attached hereto at **Exhibit B**. As a result, the entire action was subject to the bankruptcy stay.

4. On April 19, 2023, Plaintiff filed a motion for leave to amend its initial Complaint, which was granted by the Westmoreland County Court of Common Pleas in an Order dated April 21, 2023.

5. On April 25, 2023, Plaintiff filed an Amended Complaint in the Westmoreland County Court of Common Pleas, which was subsequently reinstated on July 31, 2023, naming the Newly Named Defendants in the lawsuit. The Amended Complaint incorrectly claims that the Newly Named Defendants are successors to the Original Defendants even though there is no corporate relationship between them (indeed some of the Newly Named Defendants are individuals).

**PARTIES**

6. Plaintiff Dedicated Nursing Associates is a Pennsylvania corporation with a principal place of business at 6536 William Penn Highway, Route 22, Suite 202, Delmont, Pennsylvania 15626. See Plaintiff's Amended Complaint, a true and correct copy of which is attached hereto at **Exhibit C**, at ¶ 1.

7. Defendant Buckeye Forest at Akron LLC d/b/a Highland Square Rehabilitation and Nursing Center is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 18.

8. Defendant Buckeye Forest at Bellefontaine LLC d/b/a Ayden Healthcare of Belle Springs is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 19.

9. Defendant Buckeye Forest at Cleveland LLC d/b/a Gardens of Euclid Beach is a Delaware limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 20.

10. Defendant Buckeye Forest at Greenville LLC d/b/a Ayden Healthcare of Greenville is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 21.

11. Defendant Buckeye Forest at Madeira LLC d/b/a Ayden Healthcare of Madeira is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 22.

12. Defendant Buckeye Forest at Mayfield Heights LLC d/b/a Gardens of Mayfield Heights is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 23.

13. Defendant Buckeye Forest at North Olmsted LLC d/b/a Gardens of North Olmsted is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 24.

14. Defendant Buckeye Forest at Waterville LLC d/b/a Ayden Healthcare of Waterville is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 25.

15. Defendant Buckeye Forest at Fairfield LLC d/b/a Ayden Healthcare of Fairfield is a New York limited liability company also registered to do business in the State of Ohio. *Id.* at ¶ 26.

16. Defendant Samuel Feuer is an adult individual residing in New York. *Id.* at ¶ 27.

17. Defendant Larry Katz is an adult individual residing in New York. *Id.* at ¶ 28.

18. Defendant Ephram Lahasky is an adult individual residing in New York. *Id.* at ¶ 29.

19. Defendant Eli Leshkowitz is an adult individual residing in New York. *Id.* at ¶ 30.

20. Defendant Solomon Kazarnovsky is an adult individual residing in New York. *Id.* at ¶ 31.

21. Defendant Abba Stein is an adult individual residing in New York. *Id.* at ¶ 32.

22. Defendant Mordechai Weisz is an adult individual residing in New York. *Id.* at ¶ 33.

23. Med Healthcare Partners is a Delaware limited liability company. *Id.* at ¶ 34.

**REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1332**

24. 28 U.S.C. § 1332(a) confers federal district courts original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States . . . ."

25. Here, both elements of diversity jurisdiction are satisfied.

26. First, the amount in controversy exceeds $75,000. Indeed, Plaintiff avers in its Amended Complaint that the value of the case exceeds $75,000. *See* **Exhibit C**, Counts XXII – XXXVI (pp. 3 –53).

27. Second, complete diversity of citizenship exists between the parties.

## JURISDICTION

28. Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as the Newly Named Defendants are removing the action withing 30 days of service of the Amended Complaint upon them.[1]

29. Additionally, the United States District Court for the Western District of Pennsylvania is the proper district court to remove this action as the Western District of Pennsylvania includes Westmoreland County, the "place where [this] action is pending." 28 U.S.C. § 1446(a).

30. Consent from the Original Defendants pursuant to 28 U.S.C. § 1446(b)(2)(A) is not required, nor can it be obtained because that action is stayed and those entities are currently being liquidated.[2]

31. The majority of the Original Defendants have since filed for bankruptcy and the action as to all of the Original Defendants is subject to the stay from the bankruptcy court. *See* **Exhibit A**. 11 U.S.C. § 362; *Brown v. Jevic*, 575 F.3d 322 (3d Cir. 2009) (standing for the proposition that the presence of claims against a debtor defendant protected by the automatic stay does not preclude removal by a non-debtor defendant as the automatic stay does not typically apply to nonbankrupt codefendants in a state action).

---

[1] Counsel is still investigating whether service as to all of the Newly Named Defendants was proper, however at least some of the Newly Named Defendants have been properly served such that removal is appropriate at this time. All Newly Named Defendants consent to removal.

[2] Undersigned counsel spoke with counsel for the Original Defendants in the Westmoreland County action. Counsel for the Original Defendants indicated that the case was under a bankruptcy stay and that he had no contact with his clients since at least the bankruptcy, nor was he aware of anyone he could contact given the bankruptcy and the stay. As a result, there is no one available from the Original Defendants to seek consent from even if it was required.

32.   Moreover, upon information and belief, the majority of the Original Defendants have entered into Chapter 7 bankruptcy and thus are no longer viable entities. *See* **Exhibit A**; *In re Benny's Leasing, Inc.*, 187 B.R. 484, 486 (W.D. Pa. 1995) ("It is a well settled that the aim of a Chapter 7 liquidation is the prompt closure and distribution of a Debtor's estate."); *see generally* 11 U.S.C. Ch. 7.

16.   As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on the Newly Named Defendants are being filed with this notice.

17.   Under 28 U.S.C. § 1446(d), the Newly Named Defendants are filing written notice of this removal with the Court of Common Pleas for Westmoreland County, Commonwealth of Pennsylvania, concurrently with the filing of this notice of removal, and the Newly Named Defendants will serve that notice on counsel of record. (A copy of the notice to be filed with the state court is attached as **Exhibit D**.)

WHEREFORE, the Newly Named Defendants request that this Court assume jurisdiction over this case on removal from the Court of Common Pleas for Westmoreland County, Commonwealth of Pennsylvania.

Dated:  September 5, 2023

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Michael J. Zukowski*
Michael J. Zukowski, Esq.
PA ID No. 84136
Luciana R. Sena, Esq.
PA ID No. 331197

FOX ROTHSCHILD LLP
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, Pennsylvania 15219

Telephone: (412) 391-1334
Facsimile: (412) 391-6984
MZukowski@FoxRothschild.com
LSena@FoxRothschild.com

*Attorneys for Defendants Buckeye Forest at Akron LLC d/b/a Highland Square Rehabilitation and Nursing Center; Buckeye Forest at Bellefontaine LLC d/b/a Ayden Healthcare of Belle Springs; Buckeye Forest at Cleveland LLC d/b/a Gardens of Euclid Beach; Buckeye Forest at Greenville LLC d/b/a Ayden Healthcare of Greenville; Buckeye Forest at Madeira LLC d/b/a Ayden Healthcare of Madeira; Buckeye Forest at Mayfield Heights LLC d/b/a Gardens of Mayfield Heights; Buckeye Forest at North Olmsted LLC d/b/a Gardens of North Olmsted; Buckeye Forest at Waterville LLC d/b/a Ayden Healthcare of Waterville; Buckeye Forest at Fairfield LLC d/b/a Ayden Healthcare of Fairfield; Samuel Feuer; Larry Katz; Ephram Lahasky; Eli Leshkowitz; Solomon Kazarnovsky; Abba Stein; Mordechai Weisz; and Med Healthcare Partners*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2023, a true and correct copy of the foregoing Notice of Removal was served upon the following via email and United States mail, first class, postage prepaid, and addressed as follows:

Jennifer Tis Mihok, Esquire
The Mihok Law Firm, P.C.
3706 Butler Street. Suite 327
Pittsburgh, PA 15201
jtm@mihoklaw.com

FOX ROTHSCHILD LLP

*/s/ Michael J. Zukowski*____
Michael J. Zukowski